Corn, J.
One Deffner placed with plaintiff his automobile for repairs, and upon which plaintiff expended labor and materials to the amount of $41.70, and of which plaintiff retained possession until payment should be made. While so in the possession of plaintiff, one Wilbur Jones caused it to.be attached for a debt due him from said Deffner.
Subsequently, the plaintiff itself sued out, and caused to be levied by the defendant, an attachment against the automobile for its claim for repairs, but which, so far as the evidence discloses was not prosecuted further.
*252 In due time, the justice sustained the attachment of Jones and ordered a sale. 'The plaintiff, claiming that it had never yielded possession to the officer under the Jones attachment, refused to surrender it for the sale and the officer forcibly took it from the possession of plaintiff and advertised and sold it under said attachment. Plaintiff brought an action in replevin, but no bond being given for the possession, the action proceeded as one for damages (General Code, 12070), resulting in a verdict for plaintiff in the sum of $50.
Counsel for the motion insist upon two grounds :
First. That the verdict is against the manifest weight of the evidence.
Second. That the court erred in refusing to direct a verdict for defendant at the close of plaintiff’s evidence, it affirmatively appearing, at that stage of the proceedings, that plaintiff had caused an attachment to be levied upon the property, for the labor and repairs upon which it was asserting a common law lien, and that thereby it lost or waived such common law lien.
All I care to say about the first ground is that the testimony is in conflict, and believing that the rules of law applicable to the case were properly expounded to the jury, and the questions of fact, the credibility of the witnesses, and the weight to be given to their testimony all being within the"special province of the jury to determine, the verdict should not be disturbed upon that ground.
The second ground presents a question of law upon which both text-writers and courts are in conflict, and it seems that it is impossible to harmonize the decisions.
'The jury, by its verdict, found that possession of the automo- - bile was not surrendered by plaintiff to the attaching officer under the Jones attachment, and I have already indicated that I am not disposed to disturb that finding; so that a naked proposition of law presents itself:
“Does one lose or waive his common law lien for labor and materials expended upon personal property by subsequently levying an attachment upon the property for the debt?”
Counsel, after much diligence, have been unable to cite, ,and 1 am not advised of any reported case in Ohio decisive of the question, and, as before stated, reported decisions from other states appear to be in sharp conflict.
*253 But following the reasoning of Judge Shauck, Green v. Bass, 83 O. S., 384, there should be no good reason why a lien or security should not continue until the discharge of the obligation, unless such lien is lost by an intentional waiver, or when depending upon possession, then by a voluntary surrender of such possession. And the intent to waive must be express, or very clear and plain. The presumption is always against it. (44 L. R. A., 561.)
It is claimed, however, upon some very respectable authority that levying an attachment upon the property is such waiver, and
"is in effect an assertion that the property belongs to the defendant.”
These are conclusively answered by Justice Brannon in Lambert v. Nicklas, 44 L. R. A. (W. Va.), 561, 564, as follows:
"It is argued that judgment in this action merged and destroyed the lien. Judgment does not merge the cause of action so that it can not be sued on again; but I understand that in law, the debt is one thing, and its lien on given property another thing, and that judgment does not destroy the lien. The creditor may enforce both, and his election of one does not exclude the other as a remedy.” (See also 83 O. S., 378.)
"As to the clause from Jones that the attachment is in effect an assertion that the property attached belongs to the defendant, I will say that there is no force in it, because by claiming a lien the plaintiff asserts that it belongs to the defendant as much as by attaching it; he asserts the same thing by both lien and attachment, and no estoppel can, therefore, be based upon any contradiction between the two.” * * *
"In Arendale v. Morgan, 5 Sneed, 703, the question is considered and the court refused to follow that doctrine, and held that where one has property in pledge for debt and parts with possession, with intent to abandon the lien, as if he agrees that it be attached at the suit of a third person, it is gone; but not so, where he attaches for his own debt. This is the true position.”
It is claimed further by counsel for the motion that when the officer levied on the property in question, plaintiff lost his lien because he must, under the circumstances, give up possession. Following the reasoning in Lambert v. Nicklas, supra, the officer is the agent for the plaintiff for the purposes of the attachment; to say otherwise is technical in the highest degree and defeats justice. The plaintiff is not surrendering possession to *254 the owner nor to anyone else acting in the furtherance of the owner’s demand. The plaintiff could bring suit without forfeiting his lien, and by resorting to an attachment he simply avails himself of a fact giving him the right to an attachment to enforce a debt for which there is a lien, using a cumulative remedy.
To the same effect are the following: West v. Fleming, 68 Am. Dec., 539; Angier v. Bay St. Dist. Co., 178 Mass., 163; A. S. L. Lithographing Co. v. Ibex Mine Co., 49 Pac., 768; Martin v. Becker, 146 Pac., 665.
The authorities answering in the negative the proposition of law herein propounded 'being, to my mind, more consonant with sound reason and the principles of justice, I am constrained to follow them, rather than those cited to the contrary.
The motion -for a new trial, therefore, will he refused and judgment entered upon the verdict.